UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CARLOS GARCIA                                                            Index No.: 20 cv 3131

                             Plaintiff,                                        COMPLAINT

              -against-                                                 Plaintiff Demands Trial by Jury

CITY OF NEW YORK,
POLICE OFFICER HASSAN GHEITH and
POLICE OFFICERS JOHN DOE #'s 1-5,

                         Defendants.

---------------------------------------------------------X

        Plaintiff, CARLOS GARCIA, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK, POLICE OFFICER HASSAN GHEITH, Shield No. 7404, and POLICE OFFICERS JOHN DOE #'s 1-5, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff, CARLOS GARCIA, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. Plaintiff is a United States citizen of full age residing in Kings County, State of New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendants POLICE OFFICER HASSAN GHEITH, Shield No. 7404 ("P.O. GHEITH") was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. GHEITH acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department,

and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendants POLICE OFFICERS JOHN DOE #'s 1-5 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE #'s 1-5 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duty. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

9. On or about January 11, 2019, at approximately 1:00 PM, plaintiff was operating a motor vehicle in the vicinity of Third Avenue and 78th Street in Brooklyn, when he was stopped by defendant POLICE OFFICER HASSAN GHEITH and another officer.

10. The officers demanded to see plaintiff's license and registration.

11. Plaintiff complied.

12. Defendant P.O. GHEITH took plaintiff's license and registration and returned to his police cruiser.

13. Defendant P.O. GHEITH then came back to plaintiff's car and told plaintiff to get out of the vehicle.

14. Plaintiff asked why he was being removed from the car.

15. Defendant P.O. GHEITH again told him to get out of the vehicle.

16. When plaintiff did not comply, P.O. GHEITH opened the car door and attempted to pull plaintiff from the car but was prevented from doing do by the seatbelt that was wrapped across plaintiff's chest.

17. Eventually, plaintiff unbuckled himself and P.O. GHEITH forcefully removed him from the car, twisting plaintiff's body around and slamming him face first into the side of the vehicle in the process.

18. Defendant P.O. GHEITH then grabbed plaintiff's right wrist and intentionally twisted it in such a way as to cause plaintiff extreme pain as he applied handcuffs.

19. Defendant P.O. GHEITH then adjusted the handcuffs so that they were wrapped around plaintiff's wrist so tight that they caused plaintiff to experience extreme pain from the metal digging into his skin.

20. Plaintiff was taken into custody and charged with committing various violations of the Vehicle and Traffic Law.

21. Plaintiff was transferred in a police vehicle to the 68th Precinct of the NYPD.

22. At the 68th Precinct plaintiff was initially placed in a cell, but was eventually moved to a small room, where he was met by a pair of detectives and uncuffed.

23. The detectives attempted to interrogate plaintiff about non-specific, unrelated matters.

24. Plaintiff made it clear that he had no knowledge of what they were asking about and refused to cooperate.

25. Plaintiff was then placed back in handcuffs by defendant P.O. GHEITH and brought out into a hallway.

26. While passing in front of the Desk Sergeant plaintiff became irate and began to yell at the officers.

27. Plaintiff was then forcibly taken to the ground by defendant P.O. GHEITH, even though he was still in handcuffs and posing no threat.

28. As plaintiff continued to yell, other officers piled on top of him and used force against him in the form of kicks and punches even though plaintiff was in custody, handcuffed and posing no threat.

29. Defendant P.O. GHEITH and several of the other officers used the weight of their bodies to keep plaintiff pinned to the ground.

30. At this point, plaintiff was lying face down with his hands handcuffed behind his back with numerous officers on top of him.

31. Defendant P.O. GHEITH then picked plaintiff up by the chains of the handcuffs, causing the weight of plaintiff's body to bear upon his cuffed arms and shoulders, resulting in extreme pain.

32. Plaintiff felt a snap in his right shoulder and immediately felt pain.

33. Plaintiff demanded medical attention.

34. Shortly thereafter he was transferred by officers other than those who were involved in his arrest to Lutheran Medical Center in Brooklyn, where he was treated and released.

35. In the days and weeks subsequent, plaintiff continued to experience extreme pain and to seek medical attention for such.

36. Eventually, plaintiff was diagnosed with a torn rotator cuff in his right shoulder, numerous herniated discs in his back and a severe sprain in his right wrist.

37. Additionally, plaintiff suffered cuts and bruises about his right wrist, legs, and head.

38. At no time during the events described above did plaintiff commit any act for which force could be deemed a proportionate or reasonable response.

39. At no time during the events described above did plaintiff pose any threat either to the defendant officer, the officer's colleagues, or himself.

40. At all times relevant to the events described above defendants acted knowingly and with the intent to inflict pain on plaintiff.

41. At all times relevant to the events described above defendants knew or should have known that the law does not permit a police officer to use force against a suspect who is custody, handcuffed and posing no physical threat to himself or others.

42. At all times relevant to the events described above defendants knew or should have know that the law does not permit a police officer to intentionally inflict pain upon an individual in their custody.

43. As a result of the defendants' intentional, malicious and illegal acts, plaintiff did suffer pain and injury.

44. As a result of the defendants' intentional, malicious and illegal acts, plaintiff did suffer the violation of his constitutional rights, specifically the right to be free from excessive force.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against Defendant POLICE OFFICER HASSAN GHEITH and POLICE OFFICERS JOHN DOE #'s 1-5 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

45. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

46. At all times during the events described above the defendant police officers lacked probable cause to use force against plaintiff.

47. All of the aforementioned acts of the defendant police officers were carried out under the color of state law.

48. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, particularly his right to be free from excessive force.

49. The acts complained of were carried out by defendant P.O. GHEITH and POLICE OFFICERS JOHN DOE #'s 1-5 in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

50. As a result of defendant P.O. GHEITH's and POLICE OFFICERS JOHN DOE #'s 1-5's illegal misuse of force, plaintiff did suffer damages, including but not limited to pain, injury, permanent disfigurement, emotional distress, mental anguish and public humiliation.

## AS FOR A SECOND CAUSE OF ACTION
*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

27. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants POLICE OFFICER HASSAN GHEITH and POLICE OFFICERS JOHN DOE #'s 1-5. The conduct of the defendant officer was a direct consequence of inadequate training and

7

supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

29.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to use force against a citizen with the intention of inflicting pain and in flagrant violation of his sworn oath to uphold the Constitution.

30.     At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the use of excessive force as described in this Complaint.

31.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

32. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  July 14, 2020
       Brooklyn, NY                    By:      */s/Alexis G. Padilla*

                                        Alexis G. Padilla, Esq. [AP8285]
                                        *Attorney for Plaintiff*
                                        *Carlos Garcia*
                                        290 Howard Avenue
                                        Brooklyn, NY 11233
                                        (917) 238-2993
                                        alexpadilla722@gmail.com